**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL BARBARO VAZQUEZ FARINA, | § § § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02484 |
| | § | |
| KRISTI NOEM, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Michael Barbaro Vazquez Farina's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 8). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.      BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Cuba who entered the United States without inspection in 2024. ECF No. 8 at 2. Upon arrival, he applied for admission through the CBP One Application. *Id.*  He was issued a Notice to Appear (NTA) charging him with being an arriving alien, and he was taken into immigration custody. *Id.* He was then paroled into the United States. *Id.* There is no indication in the record that Petitioner failed to comply with any condition of his parole, and he has no criminal record. *See* ECF No. 1 at 3; ECF

1 / 5

No. 1 – Ex. 1 at 18. However, Petitioner states that his parole was terminated in April of 2025, days after he applied for political asylum. *See* ECF No. 1 at 1-2. In June of 2025, Petitioner applied for permanent resident status under the Cuban Adjustment Act. ECF No. 1 at 2.

Petitioner was arrested during a traffic stop while he was driving with a valid driver's license, had active insurance, and was in possession of the appropriate documentation. *Id.* at 2. He was not charged with a traffic violation. *Id.* His detention occurred during a joint operation between local police and ICE agents. *Id.* On November 24, 2025, an Immigration Judge held a hearing on Petitioner's motion to terminate his removal proceedings. *Id.* The Immigration Judge granted the motion, finding that she lacked jurisdiction "because Respondent is both an arriving alien and applying under the Cuban Adjustment Act." ECF No. 8 – Ex. 1. Instead, she determined that jurisdiction lies with the United States Citizenship and Immigration Services. *Id.*

The Department of Homeland Security purported to appeal the decision on January 11, 2026. ECF No. 8 at 2; *see* ECF No. 8 – Ex. 2. However, the Court notes that at the time the Department of Homeland Security appealed, federal regulations required a party seeking to challenge an Immigration Judge's decision to file its appeal within 30 days. *See* 8 CFR § 1003.38 (Nov. 11, 2022) (amended for the first time since that date on Feb. 6, 2026). In this case, the relevant deadline passed on December 24, 2025. To the Court's knowledge, the Department of Homeland Security never received any extension of time to file an appeal at a later date.

## I.   ANALYSIS

As an initial matter, Respondents contend that "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process." ECF No. 8 at 3 (quoting *Demore v. Kim*, 538 U.S. 510, 531 (2003)). But their argument misses the mark entirely—by Respondents'

own admission, there are no ongoing removal proceedings against Petitioner. Thus, Respondents cannot plausibly argue that Petitioner is being detained in order to facilitate his removal.

Additionally, Respondents have cited no authority which supports the continued detention of a non-citizen whose removal proceedings have been terminated. The Court does not understand either 8 U.S.C. § 1225(b)(1) or 8 U.S.C. § 1225(b)(2) to apply to these unique circumstances.[1] Even if this were not the case, the Court concludes that both provisions violate the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a related set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.).[2] In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). The Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

## II.    REMEDY

---

[1] Section 8 U.S.C. 1225(b)(1)(iii)(IV) provides for the mandatory detention of arriving aliens "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Section 8 U.S.C. 1225(b)(2)(A) establishes that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Neither contemplates circumstances where there is no active removal proceeding against a non-citizen.

[2] *Salvador Rodriguez* concerned detention under 8 U.S.C. § 1225(b)(2), but the same due process analysis applies to detention pursuant 8 U.S.C. § 1225(b)(1).

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than five months. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other courts in the Fifth Circuit and elsewhere that have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his next friend—or other acquaintance or family member identified by

4 / 5

Petitioner—of the time and place of his release **no less than three hours** prior to his release from custody.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 14, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the notification requirement outlined above.

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 10, 2026.

Keith P. Ellison
United States District Judge

5 / 5